UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRUCE EVERETT VOID-EL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 06-1305 (ESH) |
| ) | |
| AL HAYNES, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Bruce Everett Void-El[1] filed the present application for writ of habeas corpus pursuant to 29 U.S.C. § 2254, seeking to vacate a District of Columbia conviction for conspiracy to distribute and possess with the intent to distribute phencyclidine and cocaine, in violation of D.C. Code Sections 33-541(a)(1) and 33-549, and first-degree murder while armed, in violation of D.C. Code Sections 22-2401 and 22-3202. *See Void v. United States*, 631 A.2d 374, 376 (D.C. 1993) (affirming judgment of conviction). According to Void-El, the judgment is void due to his innocence, the insufficiency of his indictment, his status as a "nonjuridical entity" outside the reach of District law, and the inconsistency of the jury's verdict. (App. at 1-5.) Because the Court is without jurisdiction to consider Void-El's application, it must be denied.

Under D.C. Code Section 23-110, one seeking to collaterally attack a District of Columbia conviction or sentence must do so by filing a motion in the Superior Court and, if there unsuccessful, appealing to the District of Columbia Court of Appeals. *See* D.C. Code §

---

[1] Petitioner challenges in part his designation during the District of Columbia proceedings as Bruce E. Void. *See Void v. United States*, 631 A.2d 374 (D.C. 1993).

23-110(a) ("A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that . . . the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia . . . may move the court to vacate, set aside, or correct the sentence."); *id*. § 23-110(f). To the extent that a Section 23-110 remedy is available, it is exclusive:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [Section 23-110] shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under [the section] or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

*Id*. § 23-110(g). Congress' passage of Section 23-110, in other words, "entirely divested the federal courts of jurisdiction to hear habeas corpus petitions by prisoners who had a . . . remedy available to them [under the provision], unless the petitioner could show that the . . . remedy was 'inadequate or ineffective[.]'" *Blair-Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998); *see also Swain v. Pressley*, 430 U.S. 372, 375 (1977) (characterizing Section 23-110 as an "unequivocal statutory command to federal courts not to entertain an application for habeas corpus after the applicant has been denied collateral relief in the Superior Court").

Void-El has made no demonstration that the remedy available under Section 23-110 was an "inadequate or ineffective" means of challenging his conviction. *See* D.C. Code § 23-110(g). Indeed, it appears that petitioner has so far failed to seek relief under the provision, there being no reference to a prior motion in his present application. *See id.* Moreover, even if Void-El unsuccessfully pursued his challenge under Section 23-110, this failure would not itself be sufficient to demonstrate the inadequacy or ineffectiveness required to support jurisdiction here.

*See Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000) (stating, in the analogous context of 28 U.S.C. § 2255, that "[t]his Court and other Courts of Appeals have consistently noted that a prior unsuccessful [section] 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy") (internal quotations omitted); *Perkins v. Henderson*, 881 F.Supp. 55, 59 n.5 (D.D.C. 1995) ("A petitioner may not complain that the remedies provided him by . . . § 23-110 are inadequate merely because he was unsuccessful when he invoked them.").

Accordingly, the Court is without jurisdiction to consider Void-El's application, and it is hereby **ORDERED** that the application is **DENIED** and this case is **DISMISSED WITHOUT PREJUDICE**.

                                                                                                 s/
                                       ELLEN SEGAL HUVELLE
                                       United States District Judge

Date: July 25, 2006